UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KEVIN E. E.,

Petitioner,

v.

CHRISTOPHER CHESTNUT et al.,

Respondents.

No. 1:26-CV-06532-RLP

ORDER DISMISSING HABEAS PETITION

Before the Court is Petitioner Kevin E. E.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil

[1]The Court uses Petitioner's first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

immigration detention and seeks immediate release or, alternatively, another bond hearing. Respondents oppose the petition, arguing that Petitioner has not exhausted his available administrative remedies and that due process does not require another bond hearing. ECF No. 5.

Because Petitioner has not exhausted his available administrative remedies, the Court dismisses the petition without prejudice.

BACKGROUND

Petitioner is a citizen of Peru who entered the United States on March 17, 2023, at or near San Luis, Arizona, without inspection, at the age of 25. ECF No. 5-1 at 2, 8. That day, he was arrested by the U.S. Border Patrol, and the Department of Homeland Security (DHS) served him with a Notice to Appear alleging that he was inadmissible and initially released him on an order of recognizance. *Id.* at 8, 11.

While released, Petitioner was stopped by law enforcement approximately eight times for traffic related misdemeanors and infractions resulting in fines and one five-day jail sentence. *Id*. at 2-4; ECF No. 5-2 at 8-35.

On July 4, 2026, Petitioner was arrested and charged with three misdemeanor domestic violence charges. ECF No. 5-1 at 4; ECF No. 5-2 at 36-38.

---

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

A hearing related to those charges was originally set for August 6, 2026, however, Respondents claim they are unaware of the outcome of the hearing. ECF No. 5 at 2; ECF No. 5-2 at 38.

On July 5, 2026, DHS contacted Petitioner in jail, and two days later, detained him under an administrative warrant. ECF No. 5-1 at 2, 6. Petitioner subsequently requested that the immigration court redetermine his custody status at a bond hearing. ECF No. 5-3 at 1. On August 4, 2026, an Immigration Judge denied Petitioner's request for release after finding that Petitioner posed a danger to the community. *Id.* Petitioner reserved his right to appeal the decision, and the deadline to appeal to the BIA is September 3, 2026. *Id.* at 2.

Petitioner filed this petition on August 17, 2026. ECF No. 1. He alleges his continued immigration detention has become prolonged and violates his right to due process under the Fifth Amendment. *Id.* at 6-7. He seeks release or another bond hearing. *Id.* at 7.

Respondents ask the Court to dismiss the petition without prejudice because Petitioner has not appealed the Immigration Judge's bond determination to the BIA. ECF No. 5 at 2–3. Respondents alternatively contend that due process does not require another bond hearing. *Id.* at 3.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## EXHAUSTION OF REMEDIES

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Nevertheless, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995).

The Ninth Circuit has specifically applied this requirement to challenges to bond determinations under 8 U.S.C. § 1226(a). *Leonardo v. Crawford*, 646 F.3d 1157, 1160-61 (9th Cir. 2011). A noncitizen dissatisfied with an Immigration

Judge's bond determination may appeal to the BIA. *Id.* at 1160. If the noncitizen remains dissatisfied after the BIA renders its decision, the noncitizen may seek habeas review in federal district court. *Id.* Filing a habeas petition before pursuing BIA review is an improper "short cut" around that administrative process. *See id.*

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id.*

Here, Petitioner has not exhausted the administrative remedies available to him. The Immigration Judge denied Petitioner's request for a change in custody status on August 4, 2026. ECF No. 5-3 at 1. Petitioner reserved his right to appeal that determination to the BIA, and his deadline to do so is September 3, 2026. *Id.* at 2.

Respondents represent that Petitioner has not filed an appeal. ECF No. 5 at 2. Although Petitioner checked "Yes" when asked in his petition whether he had appealed to the BIA, he provided none of the requested information concerning the date, case number, result, or issues raised in any such appeal. ECF No. 1 at 4-5. The record therefore demonstrates that Petitioner has not completed the available administrative review process.

Petitioner does not argue the Court should excuse his failure to exhaust or identify any basis for doing so. Petitioner has also not requested a stay. His administrative remedy remains available, and the deadline to appeal the Immigration Judge's custody determination has not yet expired. Accordingly, Petitioner must complete the available administrative review process before seeking habeas relief. *See Leonardo*, 646 F.3d at 1160-61.

Because Petitioner has not exhausted his administrative remedies, the petition is dismissed without prejudice. Because Petitioner's failure to exhaust is dispositive, the Court does not reach Respondents' alternative due process argument.

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice.

2. Judgment shall be entered for Respondents.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to petitioner and counsel, and **CLOSE** the file.

DATED August 26, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE